SUCESORES DE A. MAYOL & Co., INC., Plaintiff and Appellant, *v.* R. SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7275. Argued January 12, 1937.—Decided March 18, 1937.

*J. J. Ortiz Alibrán* for appellant. *B. Fernández García, Attorney General,* and *R. Cordovés Arana, First Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Sucesores de A. Mayol & Co., Inc., brought suit in the District Court of San Juan, on April 20, 1935, against the Treasurer of Puerto Rico, and set up three causes of action.

In the first cause of action, the tax sought to be recovered was paid under protest on February 6, 1934, and the taxpayer petitioned the Treasurer, on the 16th of the following June, for refund of the amount paid under protest, and invoked sections 64 (*a*), 75, and 76 (*b*) of Act No. 74 of

1925. On June 21, 1934, the Treasurer denied the refund. The taxpayer appealed to the board and the latter affirmed the decision of the Treasurer by an order of July 20, 1934, of which notice was served on March 5, 1935.

In the second cause of action and also in the third, the deficiencies were paid, similarly under protest, on February 6, 1934, and claim for refund was made as in the first cause of action.

The defendant demurred to the complaint "on the ground that neither said complaint, nor the various causes of action therein, state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, inasmuch as the actions thus exercised are barred, in accordance with the provisions of section 76 of Act No. 74, approved August 6, 1925, since it appears on the face of the complaint that the same was filed on April 20, 1935, that is, after a period of more than 30 days had elapsed from February 6, 1934, the date on which the payment under protest of the tax which is sought to be recovered was made, or from March 5, 1935, the date on which the plaintiff was notified of the ruling of the Board of Review and Equalization affirming the decision of the Treasurer of Puerto Rico whereby the petition for refund was denied; and similarly, in accordance with the provisions set forth in section 3 of Act No. 8, approved April 19, 1927, since it appears on the face of the complaint that the same was filed on April 20, 1935, or more than one year after February 6, 1934, the date on which the plaintiff paid under protest the taxes which it now seeks to recover."

Both parties were heard by the court, which overruled the demurrer and rendered judgment accordingly dismissing the complaint, without special imposition of costs.

Feeling aggrieved by that judgment, the taxpayer appealed. It insists upon its right to resort to the courts under sections 64, 75, and 76 of Act No. 24 of 1925, and this notwithstanding the admission which it makes that

between the payment under protest and the filing of the complaint, not only a month, but more than a year had elapsed.

In passing upon this question, the trial court in its decision said:

"In our opinion the contention of the plaintiff is erroneous. Section 64 (*a*) of the Income Tax Act does no more than create a right in favor of the taxpayer, authorizing him to petition administratively the Treasurer to credit to any tax owed and not paid by the taxpayer, or to reimburse him, in case no such tax is owed, the amount of any income tax or excise-profits tax illegally or erroneously collected and which has been paid by him under protest.

"Section 64 (*b*) provides that no credit or refund shall be allowed after four years from the time the tax was paid under protest; and in the succeeding paragraphs the law goes on to state the administrative procedure to which the taxpayer must conform. Nothing is said regarding judicial proceedings in section 64 nor in the ones immediately following it, until section 76 (*a*) is reached where, under the heading 'Limitations of Suits and Proceedings by Taxpayer,' it is said: (Here the provisions are copied).

"The suit or proceeding referred to in section 76 (*b*) above transcribed and which the plaintiff cites in support of its contention, is none other than the one authorized in the preceding section 76 (*a*), and which must be brought within thirty days subsequent to the payment under protest. Section 76 (*b*) cannot refer to the administrative proceeding authorized by section 64 because, apart from the fact that no mention is made therein of said proceeding, section 64 is placed under another heading entitled, 'Credits and Refunds.'

"It would be an unpardonable inconsistency on the part of the Legislature if, after granting a period of four years from the date of the payment under protest for filing a claim for refund of the tax, as plaintiff construes section 64 (*b*), in the same act and by section 26 (*a*) were it to limit the time for bringing the suit to thirty days after the payment under protest. Should we construe section 64 (*b*) as plaintiff urges, it would also result that the period of limitation prescribed in section 76 (*a*) would be entirely unavailing for, even though the thirty days referred to in said section 76 (*a*) should have elapsed, the taxpayer would not lose his right to sue, inasmuch as by merely filing a claim for refund with the Treasurer within the four years subsequent to the payment under

protest, he would be entitled to file a suit which is prohibited by section 76 (a); a construction that is clearly absurd.''

This Supreme Court, in the case of *P. R. Fertilizer Co.* v. *Domenech, Treasurer,* 50 P.R.R. 389, after considering the sections of the Income Tax Act invoked by the appellant herein, held:

''Under the present state of the law, we do not find that the income taxpayer can resort to the courts of justice without paying under protest. If such taxpayer is not satisfied with the tax, he may, within a period of 30 days after being notified, appeal to the Board and obtain therefrom a disallowance, in whole or in part, of the deficiency determined by the Treasurer as provided in section 57 of the act; and he may, if the decision of the Board is adverse to him, pay under protest and, within the 30 days following such payment, apply for relief to the courts in the exercise of the right which section 76 of the said Act of 1925 acknowledges in his favor. He may also, even though he has made no payment under protest, if he deems that the tax was erroneously or illegally assessed to or collected from him, and that it is unjust or excessive, apply to the Treasurer and request that this official, in the exercise of the power granted to him by section 75 of the act, remit said tax and reimburse to him the amount thereof previously paid; but if the decision of the Treasurer should be adverse, then he can take no appeal therefrom to the judicial tribunals.''

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.